IN THE UNITED STATES DISTRICT COURT
DISTRICT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Chris Rubio ) | |
| 301 N Military Rd. Apt #239 ) | |
| Slidell LA 70461 ) | 20-1757 |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| THE UNITED STATES OF AMERICA ) | |
| ) | |

**COMPLAINT**

Plaintiff, Chris Rubio, by and through his undersigned attorney, alleges that:

1.

Plaintiff is a citizen of the United States and domiciled in Slidell, Louisiana.

2.

Jurisdiction is alleged under 28 U.S.C. § 1331. Sovereign immunity, to the extent that it applies, is waived by 28 U.S.C. § 1346.

3.

This is an action brought under the Federal Tort Claims Act for *inter alia*, intentional infliction of emotional distress and negligence through misdiagnosis, failure to treat and/or improper treatment and such other matters as shall be developed in discovery and presented at trial.

4.

All pertinent acts, actions and inactions occurred at the Department of Veterans Affairs Medical Center (VAMC) in San Juan, Puerto Rico, property owned and under the control of the Department of Veterans Affairs.

5.

Based on the location of the intentional and negligent torts, the law of Puerto Rico applies to this case.

6.

The Department of Veterans Affairs is an agency of the United States of America.

7.

The United States of America is domiciled within the jurisdiction and venue of this court, the District of Columbia.

8.

On June 6, 2013 your Plaintiff began treatment at the VAMC San Juan.

9.

The right foot fracture occurred on January 31, 2014 at a friend's home.   Plaintiff immediately went to the VAMC San Juan.   A nurse at the VAMC noted foot pain referred Plaintiff to the Emergency Room.   Despite Plaintiff's statements, the Emergency Room personnel merely recorded his foot pain as zero on a scale of ten (0/10).   At no time was he treated by the Emergency Room staff.

10

On Apr 1, 2014, during a follow-up visit to the San Juan VAMC, Plaintiff reported right foot pain.   He was sent for x-ray by Dr. Lozano-Cruz.

11.

On Apr 3, 2014 Plaintiff was provided a podiatry consult. As a result,

bilateral ankle pain was noted but no mention of the fracture appears in the record.

12.

On April 28, 2014, Plaintiff received an Orthopedic consult.   On April 28, 2014, evidence of a healed fracture was noted as well as right foot pain/swelling.   Plaintiff was given a walking device consult.

13.

On May 10, during a follow-up visit, Plaintiff's pain level noted at 5/10.

14.

During a follow-up visit on June 2, 2014, Plaintiff continued to complain of right foot pain. On that date his pain level was 4/10.

15.

Between January and May the average pain was on a scale of 8/10.   Pain actually increased in June because it spread to the tendons.   By December, it had abated somewhat and is presently arthritic.

16.

**Intentional Infliction of Emotional Distress**

Plaintiff incorporates ¶s1-15 into this cause of action as though plead in extensio.

17.

The United States, through its action of promising medical care and assistance to plaintiff and later reneging on that promise caused plaintiff severe emotional distress.

18.

The reckless actions of the United States were intentional to induce plaintiff to make no

further complaint about his lack of treatment and to punish him for prior complaints.

19.

The reckless actions of the United States were extreme and outrageous in that they took advantage of the vulnerability of a fragile and frightened veteran who suffered from Post-Traumatic Stress.

20.

It was foreseeable that the crass and cruel actions of the United States were reasonably certain to cause damage to a plaintiff in Mr. Rubio's position and state of mind.

21.

The actions of the VA representatives were attributable to the United States.

22.

The actions of the VA in denying treatment were intentional and reckless, extreme and outrageous, and reasonably foreseeable to result in emotional distress.

23.

**General Negligence**

Plaintiff incorporates ¶s1-22   into this cause of action as though plead in extensio.

24.

The actions of the VA representatives, especially the Emergency Room staff, in misdiagnosing the fracture and not undertaking basic diagnostic tools such as x-rays, were indicative of the lack of due care which is so evident as to allow an inference of negligence, within the scope of *Quinones v. Duarte Mendoza*, No. R-79-215 R-79-216, 1982 WL 210660 (P.R. Mar. 3, 1982).

25.

The United States via it officers, agents, employees and/or servants had a duty to know what, if any, support and assistance could be provided to plaintiff.

26.

The United States, via it officers, agents, employees and/or servants, had a duty to exercise due care, including anticipating and foreseeing the rational consequences of an act, or of the failure to perform an act which a prudent person could have foreseen under the same circumstances within the scope of *Ocasio Juarbe v. E. Airlines, Inc.*, No. CT-89-95, 1990 WL 657498 (P.R. Feb. 5, 1990).

27.

The United States, via it officers, agents, employees and/or servants, had a duty to act as would a prudent and reasonable person under the circumstances within the scope of *Marquez v. Casa de Espana de Puerto Rico*, 59 F. Supp. 3d 409, 413 (D.P.R. 2014).

28.

The United States via it officers, agents, employees and/or servants breached its duty to plaintiff as outlined above.

29.

As a result of its breach of duty, the United States, via it officers, agents, employees and/or servants, specifically the failure to diagnose and treat the foot fracture, Plaintiff suffered severe and continuous pain for a period of at least six months.

30.

The harm to Plaintiff was foreseeable

31.

The negligent actions of the United States in failing to properly train and supervise their officers, agents, employees and/or servants in the ability of the United States to provide support and assistance breached the duty that the United States had towards veterans who sought treatment.

51.

**Exhaustion of Administrative Remedies.**

Plaintiff incorporates ¶s 1 through 31 into this cause of action as though plead in extensio.

52.

On January 13, 2016, Plaintiff submitted his timely administrative complaint.

53.

On January 25, 2016 the VA acknowledged the claim.

54.

On February 13, 2017, the VA denied the claim.

55.

On July 20, 2017 Plaintiff, through counsel, filed a timely request for reconsideration.

56.

On January 16, 2020, the VA Office of General Counsel denied the request for reconsideration.   This denial constituted final agency action.

WHEREFORE plaintiff prays that after due hearing the United States be found liable for the damages to the plaintiff and that a judgment issue in his favor to include monetary damages

at an amount to be shown at trial.

                                              Respectfully Submitted,

                                              //s// John B. Wells
                                              John B. Wells
                                              DC bar #450165
                                              P. O. Box 5235
                                              Slidell, LA 70469-5235
                                              985-641-1855
Service per Rule 4i                            JohnLawEsq@msn.com